CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HOWARD W. JONES, ) | |
| ) | Civil Action No. 7:06-cv-144 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

This matter is before the court on the parties' cross motions for summary judgment in an action by Plaintiff, Howard W. Jones, for review of the decision of Defendant, the Commissioner of Social Security, that denied Plaintiff's application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383. On April 12, 2006, the court referred this matter to Magistrate Judge Michael F. Urbanski for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On January 19, 2007, Magistrate Judge Urbanski filed his report and recommended that Defendant's Motion for Summary Judgment be denied and that this case be remanded to Defendant for further development of the record. Defendant has filed a timely objection, and asks this court to affirm his final decision.

After reviewing the record in this matter and the findings of the Magistrate Judge, the court concludes that this matter must be remanded to the Commissioner for further proceedings.

I.

On November 4, 2003, Plaintiff appeared before an Administrative Law Judge ("ALJ") of the Social Security Administration ("SSA") seeking SSI benefits. The ALJ followed the five-

step sequential evaluation process required when evaluating a claimant to determine his eligibility for benefits. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). Defendant objects to the Magistrate Judge's conclusion that the ALJ erred at the fifth step of this process by relying on the testimony of a vocational expert ("VE") who failed to properly identify jobs available in the national economy compatible with Plaintiff's limitations.

The court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report . . . or recommendations to which objection is made." 28 U.S.C. § 636. Judicial review of Defendant's decision is limited to the determination whether his decision "is supported by substantial evidence and whether the correct law was applied." Chater, 65 F.3d at 1202.

At step five of the sequential evaluation that the ALJ must perform, Defendant has the burden to show "that work exists in the national economy [that] the claimant could perform . . . ." Id. at 1205 n.4. To help him complete this step, the ALJ consulted a VE. The ALJ asked the VE to identify any jobs in the national economy that a hypothetical individual could perform if his background and limitations were comparable to those of Plaintiff. The VE identified "sedentary hand packer" and "assembler" according to reference numbers 920.687-030 and 559.687-014, respectively, in the Dictionary of Occupational Titles ("DOT").[1] (R. 44.) The numbers in the DOT, however, do not correspond to the job titles the VE identified. The entry appearing at 920.687-030 is "bander, hand (tobacco) alternate titles: cigar bander, hand." II DOT 936. The entry appearing at 559.687-014 is "ampoule sealer (pharmaceut.)." I DOT 452.

The variance between the job titles identified by the VE and the job titles identified by the

---

[1] Employment and Training Administration, U.S. Department of Labor, Dictionary of Occupational Titles (rev. 4th ed. 1991), available at http://www.oalj.dol.gov/libdot.htm [hereinafter DOT].

DOT is significant because "[w]hen vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled. Social Security Ruling 00-4p, 75760 Fed. Reg. 75759, 75760 (Dec. 4, 2000). Further, the ALJ "must explain the resolution of the conflict irrespective of how the conflict was identified." Id.; Hackett v. Barnhart, 395 F.3d 1168, 1175 (10th Cir. 2005).

Defendant essentially argues that the terms the VE used are consistent with the information contained in the DOT. The position of "hand bander," the Defendant argues, is, in fact, a "packaging occupation"[2] (Def's. Obj. 5) and the position of "ampoule sealer" "involves assembling." (Def's. Obj. 6.) According to the DOT, a tobacco hand bander associated with no. 920.687-030 "[w]raps trademark band[s] around cigars." II DOT 936. This task arguably falls within the margin of the colloquial meaning of the term "packer," i.e., "one that packages goods for equipment for shipment or storage." Webster's Third New International Dictionary 1618 (1986). It's usage in the DOT, however, makes this construction implausible, because the DOT uses the term "packer" for positions that are significantly different, and closer to the heartland of the colloquial meaning of the term. For instance, one DOT use is in direct contradistinction to "bander": "cigar packer," found at no. 790.687-014, is the title assigned to the tasks performed "prior to wrapping in cellophane and banding."[3] Defendant's interpretation of the use of "assembler" by the VE and ALJ is similarly infirm. The alphabetical index of occupational titles in the DOT identifies well more than 600 positions as "assembler" jobs. "Ampoule sealer" is not

---

[2] Both the VE and the ALJ used the term "packer." (R. 21, 44.) At least one usage of "packaging," however, is as a synonym of "packing." See Webster's Third New International Dictionary 1618 (1986).

[3] DOT No. 790.687-014, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT07F.HTM.

among them.[4]

The terms that the VE and ALJ used to describe the positions available for Plaintiff and his hypothetical counterpart cannot reasonably be stretched to include the positions described in the DOT at numbers 920.687-030 and 559.687-014. The testimony of the VE that the ALJ relied on, therefore, conflicts with the DOT. Because the ALJ did not explain his resolution of the conflict, the court concludes that the correct law was not applied. See Hackett, 395 F.3d at 1176.

## II.

Where the decision of an ALJ is based upon an incorrect application of law, some courts have held that remand is unnecessary if the court determines the error to be harmless. See, e.g., Prochaska v. Barnhart, 454 F.3d 731, 736 (7th Cir. 2006); Fischer-Ross v. Barnhart, 431 F.3d 729, 735 (10th Cir. 2005); Pollard v. Halter, 377 F.3d 183, 190–92 (2d Cir. 2004) (applying harmless error analysis and concluding that remand was nevertheless warranted); Brueggemann v. Barnhart, 348 F.3d 689, 695–96 (8th Cir. 2003) (same); Frank v. Barnhart, 326 F.3d 618, 622 (5th Cir. 2003); Heston v. Comm'r of Soc. Sec., 378 F.3d 541, 548 (6th Cir. 2001); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (finding an allegedly erroneous factual finding by an ALJ to be harmless error); Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987) (recognizing the harmless error doctrine as applicable to an ALJ's error); Hummel v. Heckler, 736 F.2d 91, 95 (3d Cir. 1984) (recognizing the possibility of the harmless error doctrine applying to review of a determination by a Social Security ALJ).

The United States implicitly urges the court to apply the harmless error doctrine by arguing that the position titles that the VE identified by number are consistent with Plaintiff's functional limitations, even if they are not consistent with the VE's words. Moreover, the ALJ's

---

[4]DOT, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTALPHA.HTM.

error may well have stemmed from mere citation errors—common in litigation, but often innocuous—that simply went unnoticed by both the VE and the ALJ. Harmless error review, however, presupposes "sufficient development of the administrative record and explanation of findings to permit meaningful review." Fischer-Ross, 431 F.3d at 734. As it stands, the record is not sufficiently developed to allow the court to conclude that the ALJ's determination is supported by substantial evidence, because the only evidence supporting the ALJ's conclusion at step five of his analysis is the VE's testimony in conflict with the DOT. See Goan v. Shalala, 853 F. Supp. 218, 221 (S.D.W. Va. 1994) ("[A]nalysis of whether the ALJ's decision is supported by substantial evidence necessarily includes a determination as to whether the 'substantial evidence' on which it may be based was properly considered by the ALJ."); Cf. Fischer-Ross, 431 F.3d at 735 (finding an error harmless where, in light of the ALJ's confirmed findings in other steps of his analysis coupled with indisputable medical evidence, no reasonable factfinder could conclude that the plaintiff qualified for disability benefits).

Accordingly, the court **ADOPTS** the report and recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment is **DENIED**. This matter is **REMANDED** to the Commissioner of Social Security for proceedings consistent with this Order.

The Clerk of Court is directed to send certified copies of this Order to all counsel of record.

**ENTER**: This ___9th___ day of July, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE